MELKON SEMONIAN *vs.* JAMES PANORAS.

APRIL 3, 1922.

PRESENT:   Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Direction of Verdict.*

A verdict should not be directed for the defendant if on any reasonable view of the testimony, the plaintiff can recover, especially where the burden of proof is on the defendant.

*(2)   Evidence.*

Where it appeared that witness was the purchaser of her husband's store at a mortgagee's sale, and a machine, the subject of the action, was neither mortgaged nor included in the sale, question as to the purpose of putting the store in the name of witness, was immaterial and properly excluded.

*(3)   Actions.   Charge.   Lessor and lessee.*

Where the plaintiff as lessor of a chattel might properly maintain an action for its conversion, charge that the lessee could also maintain the action was not prejudicial to the defendant.

*(4)   Trespass.   Principal and Agent.*

A trespasser cannot relieve himself from liability by showing that a third person directed, ordered or authorized him to do the illegal act complained of.

TRESPASS.   Heard on exceptions of defendant and overruled.

SWEENEY, J.   This is an action of trespass *de bonis asportatis* to recover the value of a popcorn machine.   After

a trial in the Superior Court the jury returned a verdict for the plaintiff in the sum of $627.87. The defendant's motion for a new trial was denied and he has duly prosecuted his exceptions to this court.

It appears from the record that the writ was issued August 14, 1918, and was duly filed in court with a declaration containing two counts, one alleging trespass *de bonis* and the other trover and conversion of a popcorn machine. The defendant filed a plea of the general issue, and a special plea stating that when he committed the alleged trespass it was by leave and license of the plaintiff first given and granted. The plaintiff filed a replication denying the averments of this special plea.

During the trial of the case and after the defendant had introduced the testimony of one witness, he was given permission by the court to withdraw his special plea of leave and license, against the objection of the plaintiff, and the trial proceeded under the plea of the general issue.

At the close of the testimony the defendant made a motion for the direction of a verdict in his favor on the ground that the plaintiff did not have possession of the machine at the time of the trespass. The court denied this motion and its denial is the defendant's first exception.

The testimony for the plaintiff tended to prove that he was the owner of the machine with the right of immediate possession; that he had constructive possession of it while it was in the actual possession of his brother; and that against said brother's protest the defendant took possession of the machine and sent it to Agnes Semonian. The testimony for the defendant tended to prove that the plaintiff had sold the machine to said Agnes Semonian and that the defendant, while acting as her agent and with the help of the plaintiff's said brother, sent the machine to her. Upon this conflicting evidence it would have been error for the court to have directed a verdict for the defendant for it is settled that a verdict should not be directed for the defendant if, (1) on any reasonable view of the testimony, the plaintiff can

recover. *Baynes* v. *Billings*, 30 R. I. 53; *Reddington* v. *Getchell*, 40 R. I. 463; especially in this case where the burden of proof was on the defendant to justify the taking, *Collier* v. *Jenks*, 19 R. I. 493; *Shibley* v. *Gendron*, 25 R. I. 519. The defendant's exception to the denial of his motion for the direction of a verdict is overruled.

Another exception claimed by the defendant is to the exclusion of his question, "What was the purpose of putting the store in your name?" asked of his witness Agnes Semonian. It appeared in evidence that the witness was the purchaser of her husband's store at a mortgagee's sale of the same and that the popcorn machine was neither mortgaged nor included in the sale. This being so, the question excluded was immaterial and irrelevant and the exception is not tenable.

The defendant claims two exceptions to that portion of the charge relating to the legal effect of the lease of the machine by the plaintiff to his brother, wherein the trial justice said, "The lessee doesn't come in here and dispute the title; someone else does.' And where there is a taking of this kind, a case could have been brought either by the lessor, that is by Melkon, or by his brother. Of course both of them had a property in it. One had a general property, as it is called; one had a special property; and as long as those two don't disagree, it is proper for the lessor to bring this suit for him."

The defendant claims that it was error for the court to charge that the action could have been brought either by the lessor or the lessee. This claim of error is based upon the assumption that the lessee was in possession of the machine under a lease for a definite term when it was taken, August 7, 1917, by the defendant and sent to Agnes Semonian. This assumption is not justified by the evidence for although it appeared that the plaintiff had leased the machine to his brother, Baghdasar, February 21, 1917, for a definite term, it also appeared that in the following April the defendant took possession of it when he foreclosed the mortgage which

he held upon Baghdasar's store. The lease required the lessee to take good care of the machine and not to underlet it, and gave the lessor the right to take possession of the same for breach of any condition. Soon after the defendant took the machine from the lessee, the plaintiff brought an action of replevin against the defendant to recover possession of it and April 21, 1917, the defendant signed an affidavit in which he stated that he made no claim to the machine and that the plaintiff might take judgment for it against him.

(3) The bringing of the action of replevin by the plaintiff was an election on his part to recover possession of the machine discharged from the lease as well as from any claim of the defendant. Baghdasar Semonian never had possession of it as lessee after this time. He appeared as a witness for the plaintiff and made no claim to the machine under the lease. The machine was left in the store of Agnes Semonian from April 27 until the following August, when it was taken therefrom by the defendant soon after he foreclosed his mortgage upon her store. She claimed that during the time the machine was in her store it belonged to her.

The vital question is whether the plaintiff (the former lessor) can maintain the action. As this court is of the opinion that he is entitled to maintain the action, that portion of the charge which was to the effect that the former lessee could also maintain the action was not prejudicial to the defendant and the defendant's exceptions thereto are overruled.

(4) The defendant claims that he should not be held liable as a trespasser for taking the machine because he acted only as agent for Agnes Semonian. This claim is unavailing because a trespasser cannot relieve himself from liability by showing that a third person directed, ordered or authorized him to do the illegal act complained of. *Donahue* v. *Shippee,* 15 R. I. 453; 26 R. C. L. 962.

The defense to this action was that on April 27, 1917, the plaintiff gave Agnes Semonian a bill of sale of the machine. The defendant and two witnesses testified to this effect and

the plaintiff denied that he had sold her the machine. This issue was submitted to the jury, under proper instructions, and their verdict in favor of the plaintiff has been approved by the trial justice. As there is sufficient evidence to support the verdict, and it does not appear that the trial justice was in error in approving it, under the established rule it will not be disturbed by this court.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment for the plaintiff upon the verdict.

*Cooney & Cooney*, for plaintiff.

*Hugo A. Clason*, for defendant.